UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEY F. HOFFMANN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>L. BORGEES, et al.,<br><br>　　　　Defendants. | Case No. 1:18-cv-00375-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED AND THAT PLAINTIFF BE REQUIRED TO PAY THE $400.00 FILING FEE<br><br>(ECF NO. 2) |

## I. BACKGROUND

Kasey Hoffmann ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action filed pursuant to 42 U.S.C. § 1983.

As the Court finds that Plaintiff had "three strikes" before filing this action and was not in imminent danger of serious physical injury at the time he filed the action, the Court will recommend that Plaintiff's application to proceed *in forma pauperis* be denied and that Plaintiff be required to pay the $400 filing fee.

## II. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action… under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

1

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it…. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). See also O'Neal, 531 F.3d 1146, 1153 (9th Cir. 2008) (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 986–87 (9th Cir. 1999) (alteration in original) ("no 'particular formalities are necessary for an order that serves as the basis of [an involuntary] dismissal'").

### III. PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS

  a. Strikes

Plaintiff initiated this action on March 21, 2018. (ECF No. 1). The Court finds that, prior to this date, Plaintiff had three cases dismissed that count as "strikes."

The Court takes judicial notice of Hoffman v. Pulido[1] ("Pulido"), E.D. CA, Case No. 1:18-cv-00209, ECF Nos. 7, 10, & 13. Judge Anthony W. Ishii examined Plaintiff's prior filings, and concluded that Plaintiff has filed three cases that count as "strikes" under the "three-strike" rule in 28 U.S.C. § 1915(g). Id. Upon careful review of this decision, as well as the cases that Judge Ishii found to count as strikes, the Court finds Judge Ishii's analysis to be properly supported by existing law. Thus, the Court agrees with Judge Ishii's decision and finds that Plaintiff has filed at least three cases that count as "strikes."

The three cases Judge Ishii counted as "strikes," which the Court also takes judicial notice of, are: 1) Hoffmann v. Jones ("Jones"), E.D. CA, Case No. 2:15-cv-01735; 2) Hoffmann v. California Correctional Health Care Services ("CCHCS"), E.D. CA, Case No. 2:16-cv-01691; and 3) Hoffmann v. Growden ("Growden"), E.D. CA, Case No. 2:15-cv-01431. Pulido, ECF No. 7, p. 2; ECF No. 10.[2]

///

---

[1] While the docket lists the last name as "Hoffman" instead of "Hoffmann," review of the complaint, as well as Plaintiff's CDCR number, reveals that they are the same person.

[2] Prior to filing the instant action, Plaintiff had another case dismissed that may count as a "strike": Hoffmann v. Cunningham, E.D. CA, Case No. 2:16-cv-00983. However, as the Court has found that Plaintiff has "three strikes," the Court is not analyzing whether this case also counts as a "strike."

Jones was dismissed as being duplicative of Case No. 2:15-cv-1729. Jones, ECF No. 9. Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* may be dismissed as either frivolous or malicious. See e.g., Cato v. United States, 70 F.3d 1103, 1105 n. 2 (9th Cir.1995). While Jones was not dismissed as frivolous or malicious, the Court finds that it counts as a "strike" based on the reasoning in the decision. Knapp 738 F.3d at 1109 (9th Cir. 2013) (internal citation omitted) ("[T]he reviewing court looks to the dismissing court's action and the reasons underlying it…. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive.").

Here, it does not appear that Plaintiff's duplicative filing was merely a mistake. When it was brought to Plaintiff's attention that Jones was duplicative of Case No. 2:15-cv-1729, Plaintiff attempted to argue that that Jones was not in fact duplicative. Jones, ECF No. 8. Despite Plaintiff's objection, the dismissing court noted that Plaintiff's allegations in Jones were in fact duplicative of Case No. 2:15-cv-1729, and dismissed Plaintiff's case. Jones, ECF No. 9, p. 2. Accordingly, the Court finds that Jones counts as a "strike" because it was duplicative of a prior case and thus was frivolous.

As to CCHCS, the Court finds that it was dismissed for failure to state a claim. Plaintiff apparently filed CCHCS after getting a notification that a laptop was stolen. The notice stated, in part:

> We do not know if any sensitive information was contained in the laptop. To the extent any sensitive information may have been contained in the laptop, we do not know if the information included any of your information. If your information was included, the nature of the information may have included confidential medical, mental health, and custodial information. To the extent any sensitive information may have been contained in the laptop, we estimate that it would have been limited to information related to your custody and care, if any, between 1996 and 2014.

CCHCS, ECF No. 7, p. 4; ECF No. 8, p. 3).

While the findings and recommendations (CCHCS, ECF No. 8), which were adopted in full (CCHCS, ECF No. 11), largely focus on standing, Plaintiff's federal claims were dismissed "because the facts show only that plaintiff's sensitive information might have been stolen and

the letter he relies on establishes that he will not be able to show that his information was actually stolen because it is not known what was on the laptop. Plaintiff's injury is therefore too speculative to support a claim."[3] CCHCS, ECF No. 8, p. 7. As Plaintiff's allegations were found to be too speculative to support a claim, the Court finds that this case was actually dismissed for failure to state a claim and thus counts as a "strike." Harris v. Mangum, 863 F.3d 1133, 1142 (9th Cir. 2017) (quoting El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016) (internal quotation marks omitted) ("[W]hen we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim.").

Finally, Growden was dismissed because Plaintiff failed to state a claim upon which relief could be granted. Growden, ECF No. 13. Accordingly, the Court finds that this case counts as a "strike."

    b. Williams v. King

In light of Williams v. King, 875 F.3d 500 (9th Cir. 2017), a new issue has arisen in determining whether certain cases count as "strikes." In Williams, the Court of Appeals for the Ninth Circuit held that "28 U.S.C. § 636(c)(1) requires the consent of all plaintiffs and defendants named in the complaint—irrespective of service of process—before jurisdiction may vest in a magistrate judge to hear and decide a civil case that a district court would otherwise hear." Id. at 501.

In Growden, a magistrate judge issued the final order dismissing the case based only on the consent of Plaintiff. Under Williams, consent only by the Plaintiff is insufficient to confer jurisdiction on the magistrate judge. After careful consideration of this issue, the Court recommends that Growden count as a "strike" notwithstanding Williams. Pulido, ECF No. 10 (finding that magistrate judge dismissals issued without the consent of all named defendants still count as "strikes" after Williams).

---

[3] The court declined to exercise supplemental jurisdiction over Plaintiff's state law claims. CCHCS, ECF No. 8, p. 6; ECF No. 11.

4

First of all, examining the jurisdiction of the dismissing court in prior cases goes beyond the scope of review under § 1915(g). When determining whether a prior case counts as a "strike," "[t]he underlying principle is that we must decide whether the case was disposed of because the complaint was frivolous, malicious, or failed to state a claim, regardless of how the district court labels its decision." El-Shaddai, 833 F.3d at 1044. See also Harris v. Mangum, 863 F.3d 1133, 1142 (9th Cir. 2017) (quoting El-Shaddai, 833 F.3d at 1042) (internal quotation marks omitted) ("[W]hen we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'"). Neither the Ninth Circuit nor the Supreme Court has instructed lower courts to examine the basis for jurisdiction before deciding whether a case counts as a "strike." Pulido, ECF No. 10, p. 3 ("That is, there does not appear to be a case that directs lower courts to also determine whether the 'dismissing court' had jurisdiction to dismiss and create a strike.").

Moreover, there are good reasons not to conduct such an inquiry. One is that parties are generally not allowed to re-litigate issues they already had an opportunity to litigate. Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (alterations in original) (internal citations and quotation marks omitted) ("The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as res judicata…. By preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate, these two doctrines protect against the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions."). Here, Growden was dismissed after a magistrate judge determined that Plaintiff failed to state a claim. Despite having the opportunity to do so, Plaintiff did not challenge the magistrate judge's jurisdiction, at the trial court or on appeal.

This is not to say that a plaintiff who believes a prior judgment is void is without remedies. In fact, the Federal Rules of Civil Procedure expressly contemplate granting parties relief from a final judgment when the final judgment is void. Fed. R. Civ. P. 60(b)(4). However, this rule requires the party that wants to set aside the judgment to take action to set

aside the judgment. Fed. R. Civ. P. 60(b); Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002). Plaintiff has not taken any action to set aside the judgment in Growden, and collaterally challenging the judgment in this case would be inappropriate. Nemaizer v. Baker, 793 F.2d 58, 65 (2d Cir. 1986) (citing Chicot Cty. Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 378 (1940)) ("[I]f the parties *could* have challenged the court's power to hear a case, then *res judicata* principles serve to bar them from later challenging it collaterally.").

Moreover, even if Plaintiff were allowed to challenge the judgment in Growden via a collateral attack in this action, it does not appear that the judgment in Growden would be found to be void. "A final judgment is 'void' for purposes of Rule 60(b)(4) only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." United States v. Berke, 170 F.3d 882, 883 (9th Cir. 1999).[4] "Defective jurisdictional allegations are not fatal, however. A judgment is only void where there is a 'total want of jurisdiction' as opposed to an 'error in the exercise of jurisdiction.'" NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 612 (9th Cir. 2016) (quoting Watts v. Pinckney, 752 F.2d 406, 409 (9th Cir. 1985)). See also United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010) (quoting Nemaizer, 793 F.2d at 65) ("Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction.").

The magistrate judge in Growden had an arguable basis for exercising jurisdiction, and at most made an error in exercising jurisdiction. The Ninth Circuit had not weighed in on the issue, and its decision in Williams had not yet issued. Moreover, in 1995, the Court of Appeals for the Fifth Circuit held that lack of consent from unserved defendants did not deprive the magistrate judge of jurisdiction where the plaintiff consented, because the unserved defendants were not parties under 28 U.S.C.A. § 636(c). Neals v. Norwood, 59 F.3d 530, 532 (5th Cir.

---

[4] The Rule 60(b)(4) standard is essentially the same standard that is used when a party attempts to collaterally attack a judgment. See, e.g., Baella-Silva v. Hulsey, 454 F.3d 5, 10 (1st Cir. 2006); Nemaizer, 793 F.2d at 65; Pulido, ECF No. 10, p. 7.

6

1995). Accordingly, there was precedent from a federal court of appeals supporting the magistrate judge's exercise of jurisdiction, and no conflicting precedent from the Ninth Circuit or United States Supreme Court.

Moreover, "[a]n error in interpreting a statutory grant of jurisdiction is not… equivalent to acting with total want of jurisdiction and does not render the judgment a complete nullity." Jones v. Giles, 741 F.2d 245, 248 (9th Cir. 1984). In Williams, the Ninth Circuit held that the magistrate judge made an error in interpreting § 636(c)(1) as providing magistrate judges with jurisdiction where a plaintiff consents and the defendants are unserved, because the unserved defendants are still parties. 875 F.3d at 504. As the magistrate judge in Growden made the same error in interpreting a statutory grant of jurisdiction, and as the interpretation was not unreasonable (it was the same interpretation adopted by the Fifth Circuit), the judgment in Growden is not void.

Finally, the judge in Growden was acting pursuant to a Local Rule that provided that prisoner civil rights cases are treated as consent cases so long as all parties who have *appeared* consented. See Local Rules, Appendix A(k)(4); E.D. Cal. General Order 467. This rule in essence tracks the holding in Neals, and took effect on June 2, 2008 (E.D. Cal. General Order 467). As the order dismissing Growden was entered on May 4, 2017 (Growden, ECF No. 13), the rule had been in effect almost nine years by the time the magistrate judge dismissed Plaintiff's case. By this time hundreds (if not thousands) of cases were decided by magistrate judges in the Eastern District of California based on just a plaintiff's consent (see Eastern District of California 2017 Annual Report, p. 29).

Accordingly, the Court finds that, even after Williams, cases where a magistrate judge issued an order dismissing a case without the consent of all named defendants can still count as a "strike," so long as the order has not been declared void in an appeal or other appropriate challenge.

    c. Imminent Danger

As Plaintiff has at least three prior cases that count as "strikes," Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed,

under imminent danger of serious physical injury. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." Blackman v. Mjening, No. 116CV01421LJOGSAPC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998). See also Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) ("[C]onclusory assertions" are "insufficient to invoke the exception to § 1915(g)…."). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat… is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g). In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. The three-strikes litigant must meet both requirements in order to proceed [*in forma pauperis*]." Stine v. Fed. Bureau of Prisons, No. 1:13-CV-1883 AWI MJS, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting Pettus v. Morgenthau, 554 F.3d 293, 298–99 (2d Cir. 2009)).

Because Plaintiff is *pro se*, in making the imminent danger determination the Court must liberally construe Plaintiff's allegations. Andrews, 493 F.3d at 1055 (9th Cir. 2007).

Here, Plaintiff's allegations revolve around false Rules Violation Reports, lack of due process in Rules Violation Report hearings, and retaliation. The alleged retaliation did not involve force or the threat of force. There are no allegations from which the Court could draw

an inference that Plaintiff was in imminent danger of serious physical injury at the time he filed this action.

As the Court finds that Plaintiff is a "three-striker" who was not in imminent danger when he filed this case, the Court will recommend denying Plaintiff's application to proceed in forma pauperis.

## IV. CONCLUSION AND RECOMMENDATIONS

The Court finds that under 28 U.S.C. § 1915(g) Plaintiff may not proceed *in forma pauperis* in this action.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's application to proceed in forma pauperis (ECF No. 2) be DENIED; and
2. Plaintiff be directed to pay the $400.00 filing fee in full if he wants to proceed with this action.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 10, 2018**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE